UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION NO. 22-00113-01 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| TEVIN TIMMONS, a.k.a. "Tevin Johnson" | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM ORDER**

Before the Court are an administrative motion (Record Document 56) and a *pro se* motion (Record Document 65) filed by the Defendant, Tevin Timmons ("Timmons"). Both motions seek a reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2). Timmons has been identified as a defendant to whom Amendment 821 to the Sentencing Guidelines may apply retroactively. If this relief is available, Timmons' criminal history points could be reduced, which would in turn result in a lower sentencing range under the Guidelines.

Timmons pled guilty to one count of possession with intent to distribute methamphetamine and one count of possession of ammunition by a convicted felon. See Record Document 33. Timmons' presentence report calculated a total offense level of 25 with a criminal history category III. Timmons had five criminal history points, but two of those were "status points," as he was on supervised probation at the time of the instant offense. The guideline range was 70-87 months for both Counts 1 and 2. On September 7, 2023, this Court sentenced Timmons to 84 months as to Count 1 and 84 months as to Count 2, said terms to run concurrently. See Record Document 47. This sentence was three months below the top of the guideline range.

Part A to Amendment 821 altered the "status points" provision of the Sentencing Guidelines, such that if Timmons were sentenced today, he would only have a criminal history category II. This amendment is retroactive.

In this case, the defense and the Probation Office agree that Timmons is eligible for relief under Amendment 821. They agree that his criminal history would now be II, resulting in a guideline range of 63 to 78 months. While the Government agrees that Timmons qualifies for a reduction in sentence to a term no lower than 63 months, it notes the following:

> However, at the original sentencing proceeding, the Court stated that it already considered Amendment 821 and its retroactivity. Despite Amendment 821, the Court still concluded that the 84-month concurrent sentences were appropriate. Therefore, even though the defendant is technically eligible for relief, the Court already considered Amendment 821 in imposing the original sentence.

Record Document 63 at 6-7. In fact, the Statement of Reasons entered by the Court provides:

> [A]t sentencing, the Court considered Amendment #821 and its retroactivity, specifically as to Part A Status Points. After the effective date of Amendment #821, the defendant's criminal history category will be reduced to II. Therefore, the guideline rage will be 63-78 months. While the sentence of 84 months is within the current guideline range, it would be considered a Section 3553(a) variance sentence after implementation of Amendment #821 on November 1, 2023 due to the recalculated guideline range of 63-78 months. The Court was fully aware of and considered Amendment #821 – and the retroactivity of such amendment – when it imposed the 84-month sentence.

Record Document 48 (sealed). Additionally, the Government opposes any reduction of the sentence based on the factors set forth in 18 U.S.C. § 3553(a). See id. at 7-9. The defense acknowledges that the Court considered Amendment 821 at the original

2

sentencing proceeding, but submits that Timmons' post-sentencing conduct in BOP custody supports a sentence reduction.  See Record Document 64 at 3, 5-6.

In addition to the Section 3553(a) consideration, another issue facing the Court is that it lacks jurisdiction to order the relief sought by Timmons because he has appealed his case to the Fifth Circuit Court of Appeals.  See Record Document 52.  His appeal remains pending at this time.  Federal Rule of Criminal Procedure 37 addresses indicative Rulings on a motion for relief that is barred by a pending appeal.  See Fed. R. Crim. P. 37.  Rule 37(a) provides:

> If a timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending, the court may:
>
> (1) defer considering the motion;
>
> (2) deny the motion; or
>
> (3) state either that it would grant the motion if the court of appeals remands for  that purpose or that the motion raises a substantial issue.

Fed. R. Crim. P. 37(a). Plainly, this Court lacks jurisdiction to reduce Timmons' sentence in a manner consistent with Amendment 821.  Accordingly, the Court is entering an "indicative ruling" in accordance with Rule 37(a) if the Fifth Circuit remands the case to this Court for that purpose, or if jurisdiction is otherwise returned to the district court. If this Court were able to rule on the motion for relief, it would **DENY** the motion to reduce sentence (Record Documents 56 and 65) based on its previous review of Amendment 821 at the original sentencing proceeding and due to the reconsideration of the Section 3553(a) factors contemporaneously with the instant motion.  At the time of the instant offense, Timmons was traveling in a stolen vehicle and had multiple types of drugs and a

3

loaded machine gun. A reduced sentence in this matter would not reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence, or protect the public from further crimes of this defendant.

    **IT IS SO ORDERED.**

    **THUS DONE AND SIGNED,** in Shreveport, Louisiana, this 18th day of April, 2024.

                                                                                                                          _____

                                                                                                            United States District Judge